**Bernard F. Dudley and Anne W. Dudley v. Sheridan C. Snyder and Dartmouth Savings Bank**

[436 A.2d 763]

No. 244-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed September 1, 1981

Motion for Reargument Denied Because Untimely Filed September 25, 1981

*Thomas P. Wright* and *Jacqueline Fitzpatrick,* Law Clerk (On the Brief), Woodstock, for Plaintiff.

*Laurence F. Gardner,* Hanover, New Hampshire, for Defendant.

**Larrow, J.** Plaintiffs Dudley, husband and wife, brought a complaint for foreclosure on property in Sharon, Vermont, against defendant Snyder. The complaint also named Dartmouth Savings Bank as a defendant, it being the holder of another mortgage on the property. Snyder counterclaimed for breach of warranties, contract and fiduciary duty. The Bank filed a cross-complaint against Snyder for foreclosure of its mortgage, which contained a power of sale. On March 7, 1979, a judgment order issued for foreclosure of the Bank's second mortgage. A settlement between Snyder and the plaintiffs had been reached but not filed at that time. The order anticipated future dismissal of the outstanding claims and counterclaims between plaintiffs and Snyder. In brief, payment of the mortgage debt from sale proceeds was contemplated, less $10,000 in settlement of Snyder's counterclaim. This $10,000 was to be reduced by some $6,000 outstanding taxes to be paid by the Dudleys, and enhanced by 1979 insurance paid by Snyder. Deeds, releases and the like were to be executed upon payment, and dismissals with prejudice filed.

The judgment order also included a provision for payment by the Bank to the Dudleys, from the proceeds of the mortgage sale, of the approximate $6,000 in taxes paid by them. The net result, mathematically, if carried out, would be double recovery by the Dudleys of the $6,000, once as credit on their settlement of the Snyder counterclaim, and once as payment from the Bank. Plaintiffs filed a motion to enforce the judgment order, and defendant Snyder filed a Motion for Relief from Judgment Order, purportedly under V.R.C.P. 60. The amount in controversy was escrowed by the parties with the court, pending disposition of the motions.

Following hearing, the court denied plaintiffs' motion to enforce and granted Snyder's motion for relief, striking that part of the March 7, 1979, order which directed payment over by the Bank to the plaintiffs of the $6,000. This, of course, enhanced the residual payment to Snyder as mort-

gagor from the proceeds of the sale, and the court's order directed payment to him of the escrowed sum. Given as grounds for the action by the court was a "mistake" by the court under V.R.C.P. 60(b)(1). Plaintiffs appeal this order by permission.

The equities of the actions of the trial court in revising the judgment order in question seem quite apparent from the foregoing recitation. A review of the exhibits and the evidence taken convinces us that the ruling, as made, was justified as a matter of substance. Even were we not in full agreement, the ruling is certainly within the trial court's discretion, not to be disturbed unless that discretion is abused or withheld. See *Bardill Land & Lumber, Inc.* v. *Davis,* 135 Vt. 81, 370 A.2d 212 (1977).

But, apart from substance, the appellants urge that V.R.C.P. 60(b)(1) affords no proper basis for amending a judgment based on stipulation, and that the motion was untimely filed. We see no reason for determining these objections because, under our view, the motion was not in fact one under Rule 60, however entitled. It was, in substance, a motion to revise an *interlocutory* order, appropriate under the general power of revision contained in V.R.C.P. 54(b). As such, it is within the plenary power of the court to afford such relief as justice requires, and not within the restrictive provisions of 60(b), which apply only to *final* judgments. *Brown* v. *Tatro,* 136 Vt. 409, 411, 392 A.2d 380, 382 (1978). The judgment which was revised was not final. It contemplated future deeds, releases, and orders of dismissal. Those dismissals were ordered only when the amendatory order, the one appealed from, was entered. We can, and do, sustain the amendatory order of the trial court under V.R.C.P. 54(b), even though it was purportedly made under 60(b). *Potter* v. *Town of Clarendon,* 118 Vt. 278, 281, 108 A.2d 394, 396 (1954); *Meyette* v. *Canadian Pacific Ry.,* 110 Vt. 345, 355, 6 A.2d 33, 38 (1939).

What we have said concerning the merits of the amendatory order effectively disposes of plaintiffs' appeal from denial of their motion for enforcement, damages and attorney fees. The ultimate affirmance of the amended judgment order, and

full compliance with its terms, automatically precludes the relief sought in plaintiffs' motion.

*Affirmed.*