STATE OF VERMONT
SUPERIOR COURT — ENVIRONMENTAL DIVISION

|  | } |  |
|---|---|---|
| In re Bennington Wal-Mart | } | Docket No. 158-10-11 Vtec |
| Demolition/Construction Permit | } |  |
|  | } |  |

## Decision on Motion to Reconsider

The matter before us is the Natural Resource Board's (NRB) motion, filed pursuant to the Vermont Rules of Civil Procedure (V.R.C.P.) 59(e), to reconsider this Court's April 24, 2012 Decision on Motion of Summary Judgment and Motion for Party Status issued in this matter. In our April 24 decision, we denied BLS Bennington LC and Wal-Mart Real Estate Business Trust (Applicants) motion to dismiss an appeal by the Vermont Natural Resources Council (VNRC) and Citizens for a Greater Bennington (CFGB); we granted VNRC and CFGB's motion for party status with respect to several Act 250 criteria; and we concluded that we need not remand the matter back to the District 8 Environmental Commission (the Commission). NRB's motion makes several arguments why this Court must reconsider its decision not to remand this matter back to the Commission. VNRC and CFGB filed a supportive response to NRB's motion. Applicants filed in opposition to NRB's motion.

In this proceeding, Applicants are represented by Alan B. George, Esq. CFGB and VNRC are represented by Jamey Fidel, Esq. and Paul R. Brierre, Esq. NRB is represented by John H. Hasen, Esq.[1]

For the purpose of putting NRB's motion to reconsider into context, we outline this matter's lengthy procedural history. This matter began over three and a half years ago, on January 12, 2009, when Applicants filed an application for an Act 250 permit to demolish an existing 50,966-square-foot Wal-Mart and a 10,000-square-foot retail space located at 210 Northside Drive in the Town of Bennington, Vermont. Applicants proposed construction of a new 112,126-square-foot Wal-Mart, a 10,000-square-foot retail store, associated parking, associated landscaping, and an associated storm water system. On February 4, 2009, both VNRC and CFGB submitted petitions requesting party status before the Commission as it

---

[1] Robert E. Woolmington, Esq. represents the Town. William H. Rice, Esq., and Catherine J. Gjessing, Esq. represent the Vermont Agency of Transportation. David Grayck, Esq. represents Down to Earth Golf Course Construction Inc. These parties have not filed in support of or in opposition to the motion currently before us.

considered the Act 250 application. Both parties repeated that request before the Commission on February 9, 2009 when the Commission held a prehearing conference. On February 17, 2009, the Commission issued a Prehearing Conference Report and Order that admitted VNRC and CFGB as "Friends of the Commission." RE: BLS Bennington LC Application, No. 8B0079-8, Prehearing Conference Report and Order, at 2 (Natural Res. Bd. Feb. 17, 2009). The Commission gave both parties until March 3, 2009 to supplement their petitions for an opportunity to "upgrade their party status." Id. at 2.

VNRC and CFGB filed supplemental petitions for party status that contained detailed affidavits from VNRC and CFGB members discussing their particularized interests. On March 12, 2009, the Commission issued a second Prehearing Conference Report and Order in which it again denied party status to VNRC and CFGB, but allowed both to participate as "Friends of the Commission." RE: BLS Bennington LC Application, No. 8B0079-8, Prehearing Conference Report and Order #2, at 2 (Natural Res. Bd. Mar. 12, 2009).

Seeking review of the Commission's denial of party status, VNRC and CFGB filed a motion for interlocutory review with this Court on March 19, 2009. Although this Court denied the motion in an order dated March 31, 2009, we also encouraged the Commission to give VNRC and CFGB the "full respect of a party, so that a repeat of the Commission proceedings is avoided."[2]

The following day, April 1, 2009, the Commission issued another Prehearing Conference Report and Order, in which it stated that VNRC and CFGB could, "as Friends of the Commission . . . engage in full participation in this case, including the ability to present oral and written testimony, cross examine witnesses, file memoranda, and submit proposed findings." RE: BLS Bennington LC Application, No. 8B0079-8, Prehearing Conference Report and Order #6, at 1 (Natural Res. Bd. Apr. 1, 2009). Following the Commission's decision, VNRC and CFGB sent a letter to the Commission on April 2, 2009 expressing that they did not want to participate as "Friends of the Commission," as they considered that to be a "second-class, non-party status." (Appellants' Mem. in Opp'n to Applicant's Mot. for Summ. J., Ex. 10, at 2, filed Dec. 12, 2011.) In their letter, both VNRC and CFGB offered to participate as preliminary parties with

---

[2] The Court's order referred only to VNRC. However, because both VNRC and CFGB filed the motion for interlocutory review, we treat the order as applying to both of them here.

the understanding that the Commission would reevaluate their party status at the end of the proceedings in accordance with 10 V.S.A. § 6085(6).

The Commission refused to alter its position. Over the next two years, the Commission held hearings without the participation of VNRC or CFGB. On September 23, 2011, the Commission issued an Act 250 land use permit and the corresponding Findings of Fact and Conclusions of Law and Order (the Commission's Decision) for Applicants' proposed Wal-Mart expansion. In the Commission's Decision, the Commission revoked VNRC and CFGB's "Friends of the Commission" status citing their lack of participation. See RE: BLS Bennington LC Application, No. #8B0079-8, Findings of Fact and Conclusions of Law and Order, at 4 (Natural Res. Bd. Sept. 23, 2011).

VNRC and CFGB filed a timely appeal of the Commission's Decision to this Court. In addition to VNRC and CFGB, Down to Earth Golf Couse Construction, Inc. (DEGCC) filed a separate and timely appeal of the Commission's Decision. Applicants then filed a motion to dismiss VNRC's and CFGB's appeal, arguing that VNRC and CFGB lacked standing. On November 8, 2011, this Court converted Applicants' motion to dismiss into a motion for summary judgment pursuant to V.R.C.P. 12(b). On November 14, 2011, VNRC and CFGB filed a motion for party status.

In an April 24, 2012 decision, this Court denied Applicants' motion for summary judgment and granted VNRC and CFGB's motion for party status under Act 250 criteria 1(D), 1(F), 9(H), 9(K), and 10. We additionally granted party status to CFGB under Act 250 criterion 5. NRB filed a motion to reconsider on May 8, 2012, and filed a revised motion to reconsider on May 9, 2012. In its motion to reconsider, NRB takes issue only with whether this matter must be remanded.

The Legal Standard for Reconsideration

Neither the Vermont Rules of Environmental Court Proceedings (V.R.E.C.P.) nor the V.R.C.P. requires us to address motions to reconsider or alter interlocutory orders or decisions that do not conclude a case. We have inherent power to do so, however. See Kelly v. Town of Barnard, 155 Vt. 296, 307, 583 A.2d 614, 620 (1990) ("[U]ntil final decree the court always retains jurisdiction to modify or rescind a prior interlocutory order.") (quoting Lindsey v. Dayton-

3

Hudson Corp., 592 F.2d 1118, 1121 (10th Cir. 1979)). Further, we also have explicit authority to consider such motions under V.R.C.P. 54(b)[3], which states as follows, in pertinent part:

> In the absence of [final] determination and direction, <u>any order</u> or other form of decision, however designated, <u>which adjudicates fewer than all the claims</u> or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and <u>the order</u> or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

V.R.C.P. 54(b) (emphasis added).

We note that although this Court has historically treated such motions as motions filed under 59(e), our conclusion today that Rule 54(b) is the proper rule for filing for reconsideration of interlocutory orders does not prejudice NRB in any way. This is because we maintain our previous conclusion that the legal standard applicable to ruling on a Rule 59(e) motion to alter or amend a final judgment is the same standard applicable to ruling on a Rule 54(b) motion to alter or amend an interlocutory decision.

Whether under Rule 54(b) or Rule 59(e), altering or amending an order or decision remains an extraordinary remedy. "Motions to reconsider serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." <u>Palmer v. Champion Mortg.</u> 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., Federal Practice and procedure § 2810.1 (2d ed. 1995)); see also 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1. Accordingly, we will only grant a motion to reconsider a decision that does not conclude a case if it is necessary to correct manifest errors or if must be granted to either allow a party to disclose newly discovered evidence or to take advantage of intervening changes in the controlling law. See <u>Drumheller v. Drumheller</u>, 2009 VT 23, ¶ 29, 185 Vt. 417 ("Vermont Rule 59(e) is substantially identical to Federal Rule of Civil Procedure 59(e), and we have looked to federal decisions interpreting the federal rule for guidance in applying the Vermont rule."). We further note that the restrictive provisions of Rule 60(b) do not apply to reconsideration of interlocutory orders or decisions. <u>Dudley v. Snyder</u>, 140 Vt. 129, 131, 436 A.2d 763, 764-65 (1981) (concluding that "it is within the plenary power of the court to afford

---

[3] While this Court has historically treated motions for reconsideration of interlocutory orders or decisions as similar to motions to alter or amend final judgments filed pursuant to Rule 59(e), see, e.g., <u>In re Lathrop Ltd. P'ship I</u>, Nos. 122-7-04 Vtec, 210-9-08 Vtec, and 136-8-10 Vtec, slip op. at 10 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011), we clarify here that Rule 54(b) is a better fit in terms of authority.

such relief as justice requires" when ruling on a motion to reconsider an interlocutory decision, "and not within the restrictive provisions of 60(b) which apply only to final judgments").

NRB's Motion

With these guidelines in mind, we consider NRB's motion. We understand NRB to suggest that the Court must reconsider our April 24 decision and remand this matter to the Commission for four reasons: 1) the Court lacks subject matter jurisdiction over Act 250 Criteria 5, 9(H) and 9(K); 2) the Court has "limited jurisdiction"; 3) statements of questions in the appeal process limit the Court's subject matter jurisdiction; and 4) the Commission did not hear the full presentation of the Act 250 application. We address these arguments below.

1.  Subject Matter Jurisdiction

NRB argues that this Court must remand this matter because it does not have subject matter jurisdiction to consider the criteria appealed by VNRC and CFGB; namely, criteria 5, 9(H) and 9(K). VNRC and CFGB each appealed the Commission's Decision with respect to the denial of their party status, and simultaneously moved for party status as to criteria 1(D), 1(F), 9(H), 9(K), and 10. CFGB additionally sought party status for criterion 5. Separate and apart from VNRC and CFGB's appeal and motion, DEGCC, which had party status before the Commission, appealed the Commission's Decision and filed a Statement of Questions relating to criteria 1, 1(B), 1(D), 1(F), 4, 8, 10. We understand NRB's motion to challenge this Court's subject matter jurisdiction to consider criteria appealed by VNRC and CFGB but not appealed by DEGCC—criteria 5, 9(H), and 9(K)—because VNRC and CFGB brought their appeals under 10 V.S.A. § 8504(d)(2)(B) rather than 10 V.S.A. 8504(d)(1).

First, we clarify that NRB misconstrues the statutory framework providing the Court with subject matter jurisdiction over appeals from the decisions of district commissions. This Court's subject matter jurisdiction is contained in 4 V.S.A. § 34, which provides, in pertinent part that,"[t]he environmental division shall have: (1) jurisdiction of matters arising under chapter 201 and 220 [Act 250] of Title 10 . . . . " This Court's subject matter jurisdiction is not derived from 10 V.S.A. § 8504, the statute that dictates what parties have standing to appeal decisions of district commissions to this Court. Thus, a valid appeal of an Act 250 district commission decision gives this Court jurisdiction over the matter considered below; in this case, that matter is Applicants' application for an Act 250 permit.

5

Second, we note that although subsection (d) of section 8504 requires that an aggrieved person participate before the district commission as a condition of appealing the decision to the Environmental Division, such participation is not a prerequisite when an aggrieved party is appealing following the district commission's denial of party status. See 10 V.S.A. § 8504(d)(2)(B) ("Notwithstanding subdivision (d)(1) of this section, an aggrieved person may appeal an act or decision of the district commission if . . . the decision being appealed is the grant of denial of party status . . . ."). Once a timely appeal of a district commission decision is taken by a party who either participated before the district commission, see 10 V.S.A. § 8504(d)(1), or is a party who was denied party status, see 10 V.S.A. § 8504(d)(2)(B), the Court can consider arguments by the appealing party raised under all of the Act 250 criteria for which the Court determines the appealing party has party status. The Court need not remand the matter back to the district commission if we determine that a prospective appellant who was denied party status below does, in fact, qualify for such status and, thus, has the ability to appeal under 10 V.S.A. § 8504(d)(2)(B).

Reasons of efficiency also inform our decision not to remand this matter.[4] Remanding this matter would be contrary to Rule 1 of both the V.R.C.P. and the V.R.E.C.P. Rule 1 of the V.R.C.P. provides, in pertinent part, that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Rule 1 of V.R.E.C.P. states that "[t]he rules shall be construed and administered to ensure summary and expedited proceedings consistent with a full and fair determination in every matter coming before the court." Given the history of this application for an Act 250 permit, an application which was first filed more than three and a half years ago, it is readily apparent that the determinations to date have not been speedy, inexpensive, or expedited. Furthermore, we are certain that if we were to remand the matter now, this Court would ultimately be called upon to again consider the application. See In re Sisters and Brothers Investment Group, LLP, 2009 VT 58, ¶ 14, 186 Vt. 103 ("[I]t was no abuse of discretion for the court not to remand; as the court itself noted, given the history of this litigation, it was 'certain that [the Environmental Court would] be called upon to ultimately make the necessary legal determinations'"). We conclude that, in these circumstances, remand would contravene Rule 1 of both the V.R.C.P. and V.R.E.C.P.

---

[4] NRB also suggests that the Court is premising its jurisdiction to hear VNRC and CFGB's arguments on efficiency grounds. The Court does not premise its jurisdiction on efficiency.

Finally, we note that it has been a longstanding practice of the land use permitting process in Vermont <u>not</u> to remand appeals of party-status decisions back to district commissions for consideration on the substantive issues raised by the party. As early as 1989, the former Environmental Board determined that it need not remand denials of party status to the Commission.[5] See <u>Re: Swain Dev. Corp.</u>, No. 3W0445-2-EB, Mem. of Decision, at 7 (Vt. Envtl. Bd. July 31, 1989). In <u>Swain Development Corp.</u> the Town of Woodstock (Woodstock) applied for and was denied party status under Criterion 5 by the District 3 Environmental Commission. <u>Id</u>. at 1. Woodstock appealed the Commission's denial of party status. <u>Id</u>. The Town of Hartland, a party in the matter, filed a motion to dismiss, arguing that Woodstock could not bring the appeal because it was denied party status. <u>Id</u>. at 4. The Environmental Board stated that if it "grant[ed] party status, [it would] accept an appeal regarding those criteria concerning which it has granted party status." <u>Id</u>. at 7. The Environmental Board ultimately granted party status to Woodstock and, rather than remanding the issue back to the district commission, considered evidence from the parties and concluded that the project failed to comply with criterion 5. <u>Re: Swain Dev. Corp. No.</u>, No. 3W0445-2-EB, Mem. of Decision, at 7 (Vt. Envtl. Bd. Oct. 11, 1989); <u>Re: Swain Dev. Corp.</u>, No. 3W0445-2-EB, Mem. of Decision, at 1–2 (Vt. Envtl. Bd. Aug. 10, 1990).

Later Environmental Board decisions affirmed this practice of hearing substantive issues after reversing district commission decisions denying party status. See, e.g., <u>Re Okemo Mountain, Inc.</u>, Nos. 2S0351-30-EB (2d Revision), 2S0351-31-EB, 2S0351-25R-EB, Mem. of Decision, at 6 (Vt. Envtl. Bd. May 22, 2001) (noting that the Board will proceed with substantive review if it grants party status); <u>Gary Savoie d/b/a WLPL and Eleanor Bemis</u>, No. 2W0991-EB, Findings of Fact, Conclusions of Law, and Order, at 2 (Vt. Envtl. Bd. Oct. 11, 1995) (noting that the Environmental Board reviewed party status determinations de novo and that "the Board will proceed with substantive review on any criteria concerning which it determines that the appellant qualifies for party status[.]"); <u>Okemo Mountain, Inc.</u>, No. 2S0351-10B-EB, Mem. of Decision, at 2–4 (Vt. Envtl. Bd. Jan. 15, 1993) (Environmental Board granted Appellants party status and declined to remand the matter back to the Commission). Although the rules for appealing district commission decisions to the Environmental Division differ from those the

---

[5] We recognize that the former Act 250 procedural rules are different than the present V.R.E.C.P. However, we here consider the overall practice of the permitting system.

Environmental Board applied in the aforementioned cases, we do not think the differences in the rules require us to change this practice. See 10 V.S.A. § 8504(m) ("Prior decisions of the environmental board, water resources board, and waste facilities panel, shall be given the same weight and consideration as prior decisions of the environmental division.").

Accordingly, because we determined in our April 24 decision that VNRC and CFGB have party status on behalf of their members under criteria 9(H), 9(K), and because we also determined that CFGB has party status on behalf of its members under criterion 5, we conclude that we can consider, in the present appeal, the questions raised by VNRC and CFGB that address these respective criteria.

2. The Court's "Limited Jurisdiction"

NRB also argues that this Court has "limited jurisdiction" and based upon NRB's arguments above, we lack jurisdiction over Criteria 5, 9(H) and 9(K) , thus, we must remand this matter. (Natural Res. Bd.'s Revised Mem. in Support of Mot. to Recons. 3, filed May 5, 2012.) NRB supports its argument with citations to cases wherein this Court ruled that it was without jurisdiction to consider private property rights.

Private property rights are not at issue within the questions raised to the Court by the three appellants. While it is true that the jurisdiction of Environmental Division is more limited than Vermont's Superior Court, Civil Division, it is clear that the Environmental Division has jurisdiction to hear appeals of Act 250 district commission decisions. Thus, we conclude that the matter before the Court, and, specifically the questions raised to the Court by the appellants, are not outside of the Court's limited jurisdiction.

3. Statements of Questions

NRB's third argument is that the Court's subject matter jurisdiction is somehow shaped and limited by an appellant's statement of questions (here, according to NRB's, DEGCC's statement of questions) and that we are, thus, necessary without jurisdiction to consider the questions raised by VNRC and CFBG (whom NRB do not view as appellants). While we have already indicated above that NRB is incorrect that we lack the ability to consider the questions raised by VNRC and CFGB in this appeal, we also wish to clarify that we do not agree with NRB's characterization of the import of a statement of questions.

V.R.E.C.P. 5(f) requires that "[w]ithin 20 days after the filing of the notice of appeal, the appellant shall file with the clerk a statement of questions that the appellant desires to have

determined." It is true in that the Court limits its review in an appeal to the specific questions raised by appellants. V.R.E.C.P.5(f) ("The appellant may not raise any question on the appeal not presented in the statement as filed.") That is, that the scope of the Court's review is determined by the statement of questions. An appellant's statement of questions, however, does not limit this Court's subject matter jurisdiction. Our jurisdiction is established by 4 V.S.A. § 34, as discussed above and is not dictated by the statement of questions.

NRB also argues that "[a]ny Statement of Questions that VNRC or CFGB would present at this stage would be speculative and not ripe." (Natural Res. Bd.'s Revised Mem. in Support of Mot. to Recons. 5, filed May 5, 2012.) Again, we disagree. We have determined that VNRC and CFGB have party status on the specific criteria under which they have raised questions, questions addressing a final decision reached by the Commission. We see nothing speculative or unripe about their questions challenging the application's compliance with Act 250 criteria.

4. The District Commission did not Hear the Full Presentation

NRB's fourth and final argument is that we must remand this matter because de novo review cannot repair the Commission's denial of party status to VNRC and CFGB. Specifically, NRB argues that we must remand because Commission did not hear "*the case that it should have heard*," specifically a presentation of evidence by VNRC and CFGB. (Natural Res. Bd.'s Revised Mem. in Support of Mot. to Recons. 5, filed May 5, 2012) (emphasis in original). In addition, NRB argues that the Commission's failure to grant party status to VNRC and CFGB is a structural error that de novo review cannot remedy. VNCR and CFB filed in support of these particular arguments.

We do not find either argument persuasive. First, NRB, VNRC and CFGB are correct that we will conduct a de novo hearing, but they fail to recognize the full import of this type of proceeding. See 10 V.S.A. § 8504(h) ("The environmental division, applying the substantive standards that were applicable before the tribunal appealed from, shall hold a de novo hearing on those issues which have been appealed . . . ."); V.R.E.C.P. 5(g). In a de novo hearing, the issues properly raised to the Court are reviewed anew. See, e.g., In re Green Peak Estates, 154 Vt. 363, 372 (1990) ("In a de novo hearing, the tribunal hears the matter as if no prior proceedings had taken place.") The evidence must be heard anew by this Court, and the record produced by the Commission has no affect on any later proceedings before this Court. See id. Accordingly, we do not find persuasive NRB's, VNRC's and CFGB's concerns that we must

remand so the Commission can hear VNRC's and CFGB's evidence. The Court will hear this evidence.

We also do not find persuasive NRB's and VNRC's argument that the Commission's denial of party status to VNRC and CFGB is a structural error that de novo review cannot repair. The structural errors to which NRB refers are the type of errors that undermine the public's confidence in the judiciary and "affect[] the framework within which the trial proceeds, rather than simply an error in the trial process itself." In re JLD Properties of St. Albans, LLC, 2011 VT 87, ¶ 10, 190 Vt. 259 (quoting Johnson v. United States, 520 U.S. 461, 468 (1997)). The Commission's denial of party status was an error, but the error has been corrected by our April 24, 2012 decision. The Commission reviewed the petitions of VNRC and CFGB for party status and made a decision to deny status, a decision which this Court determined was wrong. Our de novo review will cure the defects resulting from the Commission's denial of party status as VNRC and CFGB will now participate in the de novo review conducted by the Court.

Additionally, we note that the Act 250 permitting process has built-in protections that provide a district commission broad power to hear from a potential party and avoid any need to repeat the district commission proceedings. First, a district commission can grant preliminary party status to a participant, hear the matter, and then, at the conclusion of the proceedings, determine whether to grant final party status. See 10 V.S.A § 6085(c)(6). In other words, a district commission has the ability to hear from a preliminary party prior to making a final party status decision. Second, a party who is interested in an application before a district commission, but who may not qualify for party status, can be heard as a "friend of the commission." 10 V.S.A. § 6085(c)(5) (indicating that a district commission "may allow nonparties to participate in any of its proceedings, without being accorded party status" as a "friend of the commission.") Thus, a non-party can present its evidence to a district commission during the district commission's review of an Act 250 application.

The Commission, VNRC and CFGB failed to take advantage of these protections at the outset of the Commission's review of Applicants' application. Furthermore, as stated above, this Court's March 31, 2009 interlocutory order encouraged the Commission to avoid the possibility of a need to repeat its proceedings by giving VNRC and CFGB the "full respect of a party." Rather than granting VNRC and CFGB preliminary party status, the Commission stated that VNRC and CFGB could, "as Friends of the Commission . . . engage in full participation in

10

this case." VNRC and CFGB choose not to participate and provide their evidence to the Commission. Rather, VNRC and CFGB sat on the sidelines for more than two years and then appealed the Commission's Decision. Remanding the matter at this time would equate to a third opportunity within a two and a half year period for the Commission to hear from VNRC and CFGB. Such inefficiency within our State land use permitting process must be avoided.

Conclusion

For the above-stated reasons, we decline to alter our April 24, 2012 decision. This Court has subject matter jurisdiction to consider the questions raised by VNRC and CFGB in their respective statements of questions, and we will review this matter de novo. The parties should proceed pursuant to the May 30, 2012 Scheduling Order.

Done at Berlin, Vermont this 17th day of August, 2012.


Thomas G. Walsh,
Environmental Judge

11