VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      22-AP-049

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

NOVEMBER TERM,   2022

| | |
|---|---|
| The Bank of New York Mellon* v. Daniel T. Quinn** et al. | } <br> } <br> } <br> } <br> } | APPEALED FROM: <br><br> Superior Court, Windsor Unit, <br> Civil Division <br> CASE NO. 736-10-09 Wrcv <br> Trial Judges: Robert P. Gerety, Jr.; William D. Cohen |

In the above-entitled cause, the Clerk will enter:

In this foreclosure action, plaintiff appeals from a final judgment in defendant's favor. Plaintiff argues that the trial court abused its discretion by precluding plaintiff from introducing evidence at trial, and that it is entitled to a new trial. Defendant has filed a cross-appeal raising numerous arguments. We reverse the trial court's judgment on plaintiff's foreclosure claims and remand for a new trial. We reject the arguments raised in defendant's cross-appeal.

Plaintiff initially filed a foreclosure complaint against defendant in 2009.[1] Defendant filed a responsive pleading including counterclaims. From there, the case followed an unusually long and complicated procedural path. The pertinent case history is summarized as follows.

Early in the case, both parties filed dispositive motions. Defendant also filed dozens of other motions seeking a wide array of relief. In May 2010, the trial court issued a lengthy order resolving all then-pending motions and providing a road map for the remainder of the case. The court dismissed defendant's counterclaims for failure to plead specific factual allegations pertaining to plaintiff and failure to state a claim upon which relief could be granted. See V.R.C.P. 8(a), 12(b)(6). It denied summary judgment to plaintiff on its foreclosure claims, determining that there was a factual issue regarding whether defendant had standing to enforce the promissory note. The court's order also stated that it would not consider any further dispositive motions and would schedule a trial.

Despite this order, both parties subsequently filed dispositive motions. In particular, plaintiff filed a motion for summary judgment in October 2012. The motion and its

---

[1] The complaint was filed against defendant Daniel Quinn and his then-wife, Anne Quinn. Anne Quinn was later dismissed as a party and neither party contests that dismissal on appeal, so we do not address it.

accompanying statement of undisputed material facts were supported by a "certification of counsel," which asserted that plaintiff's employee informed counsel that these facts were true. Defendant did not file a separate statement of facts in opposition, so the court deemed plaintiff's facts true and granted the motion for summary judgment in a May 2013 decision. The court issued a final judgment and order of foreclosure in April 2014. Defendant filed a motion for permission to appeal, which this Court denied in September 2014.

In May 2015, just before a sale of the property was scheduled to occur, defendant filed for bankruptcy, triggering an automatic stay of the foreclosure proceeding. The bankruptcy court dismissed defendant's petition in May 2017. Defendant appealed to the federal district court, which affirmed the bankruptcy court's ruling in August 2018. He then appealed to the Second Circuit Court of Appeals, which affirmed the district court's decision in May 2019. After the Second Circuit affirmed dismissal, plaintiff moved to lift the stay and reopen the foreclosure proceeding to schedule a sale of the property.

Around the same time in 2019, defendant filed a motion under Vermont Rule of Civil Procedure 60(b)(6) to vacate the May 2013 summary judgment ruling and April 2014 foreclosure judgment. He argued that the trial court's May 2010 order precluded further dispositive motions, and thus the court should never even have considered plaintiff's successive 2012 motion for summary judgment. The trial court agreed with defendant. It also noted that, upon closer review of plaintiff's 2012 motion for summary judgment, plaintiff's statement of facts was based completely on third-party statements, so it was not sufficient to support judgment as a matter of law. Accordingly, the court vacated the foreclosure judgment and scheduled a trial on the merits.

The court initially scheduled a remote trial under COVID-19 restrictions. It issued a pretrial order in October 2021, directing the parties to file exhibits electronically and serve them on the opposing party five days before trial. Then defendant moved to continue the trial, which the court granted. The new trial date was scheduled to be in person. The court issued a new pretrial order in December 2021 that did not reference the previous pretrial order. The new order directed the parties to bring their exhibits to court on the day of trial.

Defendant filed and served his trial exhibits in advance of trial. Plaintiff did not. Three days before trial, defendant filed a motion to preclude plaintiff from introducing any evidence because plaintiff did not serve exhibits on defendant five days before trial in accordance with the first pretrial order. On the day of trial, plaintiff's counsel brought pre-marked exhibits. Immediately before trial, the court held a hearing on defendant's motion to exclude these exhibits. Plaintiff argued that it complied with the second pretrial order and that it understood the second pretrial order to supersede the first. The court granted the motion to exclude, reasoning that the second pretrial order supplemented but did not supersede the first pretrial order. And even if there was some confusion as to how to reconcile the first and second pretrial orders, plaintiff should have complied with both orders by serving exhibits on defendant five days before trial and bringing them to the courthouse. The court conducted the trial on that day, with plaintiff barred from introducing any documentary evidence. Plaintiff presented oral testimony of one witness, whom it had planned to call to authenticate its proposed exhibits. Defendant presented no evidence. The court entered judgment for defendant, concluding that plaintiff did not meet its burden of proof. It also dismissed all of defendant's counterclaims and third-party claims, to the extent he had pled any that had not already been resolved, given that he presented no evidence at trial.

Defendant filed a motion for reconsideration, seeking enforcement or findings of fact as to various interlocutory orders and raising other arguments. The trial court denied this motion, explaining that defendant had already prevailed on the merits, so interlocutory issues were no longer relevant. Plaintiff then filed a notice of appeal.[2] After the appeal was docketed, defendant filed a cross-appeal. Although this Court initially rejected it as untimely, the trial court reconsidered and extended the appeal period, and this Court ultimately accepted the cross-appeal. We now address the parties' respective appellate arguments in turn.

Besides the issue of timeliness regarding plaintiff's motion for a new trial, which we have declined to consider, plaintiff argues on appeal that the trial court abused its discretion by barring plaintiff from introducing any exhibits at trial. It contends that the second pretrial order superseded the first pretrial order, and thus it was not required to pre-file its exhibits and fully complied with the court's directives. Plaintiff contends that even if the first pretrial order remained in effect, its failure to comply with that order was a reasonable and good-faith mistake and did not warrant the harsh sanction imposed by the trial court.

The Vermont Rules of Civil Procedure do not automatically require that litigants file or serve copies of proposed exhibits prior to trial. However, trial courts often issue pretrial orders related to disclosure of exhibits and witnesses. Such matters are also typically discussed during one or more pretrial conferences. The trial court may revise pretrial or other interlocutory orders at any time before final judgment. See Dudley v. Snyder, 140 Vt. 129, 131 (1981) (noting that a court may revise interlocutory order under its plenary powers); V.R.C.P. 54(b). "[W]e review a trial court's interpretation of its own previous orders de novo." Citimortgage, Inc. v. Dusablon, 2015 VT 68, ¶ 10, 199 Vt. 283. "[T]rial courts enjoy broad discretion in the admission or exclusion of evidence, and we review those decisions for an abuse of that discretion." Beaudoin on Behalf of New Eng. Expedition Ltd. P'ship II v. Feldman, 2018 VT 83, ¶ 23, 208 Vt. 169 (quotation omitted). The trial court also has the inherent authority to sanction litigants in appropriate circumstances. Discussing this power, we observed:

> Courts are charged with the supervision of members of the bar as officers of the court. Courts control the calendar, and through it control the fair and efficient administration of justice to litigants. Courts must manage their own time and resources and establish

---

[2] On the same day that plaintiff filed a notice of appeal, it filed a motion for a new trial. The electronically filed motion was initially rejected for a technical deficiency. Plaintiff claims that it cured the deficiency within seven days and refiled, and the clerk accepted but did not backdate the motion to its original filing date. In between the initial rejection and the refiling, the motion deadline lapsed. The trial court denied the motion as untimely, for lack of jurisdiction, and alternatively on its merits. On appeal, plaintiff argues that the motion was timely filed because it should have been backdated to the original filing date pursuant to the electronic filing rules, but we will not consider this issue. Because plaintiff's notice of appeal divested the trial court of jurisdiction to consider the motion for a new trial, Kotz v. Kotz, 134 Vt. 36, 38 (1975), we affirm the trial court's order on grounds that it lacked jurisdiction to consider the motion. We note that the motion for a new trial was not necessary to preserve the underlying substantive questions for appeal because these questions were argued on the record immediately before trial.

> priorities.  Courts must instill respect in both litigants and litigators for the law and the legal process.  To do all this, courts must have the power to sanction.

Van Eps v. Johnston, 150 Vt. 324, 327-28 (1988).

We conclude that the trial court's sanction in this case was not warranted because plaintiff did not violate any operative court order.  The court's first pretrial order, in anticipation of a remote trial, required the parties to file and serve all proposed exhibits five days before trial.  It warned that failure to comply with this directive "may result in the exclusion of exhibits not pre-filed" and that "[e]xceptions may be made on a showing of good cause."  This order also explained how direct, cross, and redirect examination would proceed and the protocols for stating objections.  The second pretrial order, issued two months later in anticipation of an in-person trial, addressed these same subjects.  As to witness examination and objections, the second order provided similar but more detailed directions.  As to exhibits, however, the court included completely different requirements.  The order stated that parties "shall have original exhibits they intend to offer in evidence . . . available for use in the court room during trial" and did not restate the first order's instructions about filing and serving these exhibits in advance of trial.  That the second order covered the same subject matter but included different requirements casts serious doubt on whether the parties still needed to comply with the first.  See Cenlar FSB v. Malenfant, 2016 VT 93, ¶ 14, 203 Vt. 23 (relying on Poston Feed Mill Co. v. Leyva, 438 S.W.2d 366, 369 (Tex. Civ. App. 1969), "holding that if trial court's order contradicts or is materially inconsistent with earlier order dealing with same subject matter, latter order operates to implicitly vacate prior order, even if latter order does not so expressly provide").  Moreover, the only language in the second order that even impliedly references the first order is the statement that "[p]rior electronic filing of proposed exhibits shall not constitute compliance with this new pre-trial order."  This statement suggests that the first order, at least as it pertained to the filing of exhibits, was no longer in effect.  The most reasonable reading of these two orders is that the second superseded the first with regard to proposed exhibits.

Although the trial court stated on the day of trial that it did not intend the second pretrial order to supersede the first, it did not previously convey this intent.  In November 2021, after having issued the first pretrial order and granted defendant's motion for a continuance, the court issued an order stating: "Defendant's motion to continue the trial was granted.  The court will issue a new pre-trial order when the action is rescheduled."  That same day, it issued an order stating that "[n]o further motions will be entertained by the court."  At the December 2021 pretrial conference, the court did not discuss the first pretrial order or any of the directives contained therein.  It explained to the parties that it would relax the motions deadline to allow motions to appear remotely due to the pandemic, but it did not permit any other types of motions.  The court thus gave the impression that the first pretrial order was obsolete, that the court would not entertain a motion to enforce its terms—such as defendant's motion to exclude plaintiff's exhibits, which the court granted—and that the "new" pretrial order would govern the trial.  Given the language of the two pretrial orders and other indications of the court's intent in the record, we conclude that the second pretrial order supplanted the first.  It was therefore appropriate and not sanctionable for plaintiff to have disregarded the first pretrial order.  The court exceeded the bounds of its discretion by granting defendant's motion to exclude plaintiff's evidence under these circumstances.

4

We turn now to defendant's arguments raised in his cross-appeal. At the outset, we note that defendant does not challenge the trial court's dismissal of any of his counterclaims. He devotes large portions of his brief to factual arguments bearing on the merits of plaintiff's claims, essentially explaining why he believes plaintiff cannot demonstrate standing to enforce the promissory note. These arguments are not relevant to this appeal, which does not address the merits of plaintiff's case.

Defendant asks this Court to issue findings of fact and conclude that plaintiff, its attorneys, and nonparty loan servicers violated various state and federal laws pertaining to financial regulation and consumer protection. He also requests that the Court remand to the trial court for the "sole purpose of a jury trial to determine damages" owed to him for plaintiff's violations of these laws. To the extent defendant raised any of these claims below, the trial court dismissed all of his counterclaims and he does not state how he thinks the trial court erred in this ruling, so we will not entertain those arguments. See In re S.B.L., 150 Vt. 294, 297 (1988) (recognizing that it is appellant's burden "to demonstrate how the lower court erred warranting reversal" and that Supreme Court "will not comb the record searching for error"). Insofar as defendant asks this Court to decide claims for the first time on appeal or make findings of fact, we will not do so. See Hoover v. Hoover, 171 Vt. 256, 258 (2000) ("[O]ur review is confined to the record and evidence adduced at trial. On appeal, we cannot consider facts not in the record."). Relatedly, defendant requests that we refer this matter to the Vermont Attorney General and the United States Department of Justice to investigate criminal activity and that we order plaintiff, its attorneys, and related entities to "file pleadings in federal court to permanently erase, expunge an[d] forever seal bankruptcy proceedings against [defendant]." We decline to do so because defendant identifies no legal authority or factual basis for us to take these actions.

Defendant also requests that this Court interpret a May 2010 interlocutory order in this case as having established requirements for lenders that would apply to any foreclosure action in Vermont from that date forward. This Court does not issue advisory opinions; it only has jurisdiction to decide controversies between the parties in a case. Doria v. Univ. of Vt., 156 Vt. 114, 117 (1991). It is unclear how granting defendant's request would remedy any alleged harm to him, so it is not a proper issue on appeal.

In addition, defendant claims that Vermont's judicial rotation system is unconstitutional. He contends that he received unfavorable rulings and trial was delayed after a different trial judge began presiding over his case in 2013. However, he does not state any specific error that this trial judge committed, any basis to disqualify the judge, or how any harm that this trial judge allegedly caused him amounted to a violation of the Vermont Constitution, the federal constitution, or any other law. He also does not explain whether or how he preserved this argument for review by raising it at the trial court, how the trial court ruled, or any alleged error in its ruling. See Bull v. Pinkham Eng'g Assocs., 170 Vt. 450, 459 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal."). We therefore do not consider the argument.

Defendant next asserts that Vermont's judicial disqualification standards are unconstitutional because they violate the separation of powers. This assertion is accompanied by no argument or citation to law, so we do not consider it. See V.R.A.P. 28(a) (explaining that brief must contain specific claims of error, contentions of appellant, and citations to authorities, statutes and parts of record relied on); Johnson v. Johnson, 158 Vt. 160, 164 n.* (1992) (stating

that Court will not address contentions failing to meet standards of V.R.A.P. 28(a)). He also contends that these standards are unconstitutionally void for vagueness. Defendant identifies no particular standard or canon, but asserts that Justice Eaton recused himself, then unrecused himself, and recused himself again, demonstrating that the standards are arbitrary and overly vague. It is unclear what circumstances defendant is referring to and the record does not reflect this sequence of events. Defendant first raised the issue of Justice Eaton's recusal in his August 2022 appellate brief. See V.R.A.P. 27.1(b)(1) (stating that parties must submit motion for disqualification of Justice at or before filing their brief on grounds then known). Justice Eaton signed no entry orders after that date and is not a member of the panel that was assigned to decide this appeal. Justice Eaton did not participate in the consideration of the merits of this appeal. Defendant has not identified any harm to him or a basis to question the constitutionality of any legal provision related to judicial recusal, so we reject this argument.

Along with his reply brief, defendant filed a motion to dismiss plaintiff's appeal and its counsel for failure to comply with provisions regarding the appearance and withdrawal of attorneys under Vermont Rule of Appellate Procedure 45.1. He contends that plaintiff's former counsel did not seek to withdraw so the Court should not have accepted the notice of appearance of plaintiff's current counsel, Attorney Shelkrot. The record reveals that Attorney Shelkrot filed a notice of substitution of appearance for prior counsel, which is proper under Rule 45.1. V.R.A.P. 45.1(a)(2)(A) ("If, while an appeal is pending, a party changes an attorney, the name of the new attorney will be substituted on the docket for that of the former attorney."). There is no violation of the rule evident from the record. In any event, defendant does not assert how, if at all, he was harmed by any alleged violation of the rule. See Arnold v. Cantini, 154 Vt. 142, 147 (1990) (noting that "party claiming error has the burden of showing prejudice" and harmless error does not warrant reversal). To the extent that defendant is challenging the withdrawal or appearance of any other former or current counsel representing plaintiff, he likewise fails to identify any harm he suffered as a result. Accordingly, defendant's motion is denied.

Defendant relatedly asserts that other prior counsel for plaintiff improperly sought withdrawal or appeared at the trial court, which violated Vermont Rule of Civil Procedure 11. He also alleges that plaintiff or its counsel improperly served certain notices or filings on him during trial court proceedings. Although defendant cites to various filings that he made at the trial court objecting to some or all of these alleged procedural violations, he does not explain how the trial court ruled or any error that he thinks it made, so we reject these arguments. See In re S.B.L., 150 Vt. at 297. In any event, we note that defendant ultimately prevailed on plaintiff's claims, and he has not challenged the trial court's dismissal of his counterclaims, so we see no resulting harm to him and thus no reason to consider the merits of these alleged procedural violations.

The trial court's final judgment on plaintiff's claims is reversed and the matter is remanded for a new trial on those claims, consistent with this opinion.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Karen R. Carroll, Associate Justice


_____
Brian L. Burgess, Associate Justice (Ret.),
Specially Assigned