Filed 01/20/26

VERMONT SUPERIOR COURT
Windham Unit
7 Court Street
Newfane VT 05345
802-365-7979
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-02682

| Town of Brattleboro v. William Hunter et al |
| --- |

## ENTRY REGARDING MOTION

Title:        Motion to Reconsider December 4, 2025 Entry Order (Motion: 8)
Filer:        Robert M. Fisher
Filed Date:   December 17, 2025

Courts must be circumspect when the police powers of the State and individual property rights clash. This caution extends to ensuring that courts only exercise powers explicitly provided by law. Despite the court's clear statement that it lacked the authority to take the requested action, Plaintiff the Town of Brattleboro asks the court to reconsider without articulating a clear statutory basis for that court action.

The court, again, reviews the relevant statutory scheme. Pursuant to 18 V.S.A. § 126,

> The ... selectboard may issue a health order to:
>        (1) prevent, remove, or destroy any public health hazard;
>        (2) mitigate a significant public health risk;
>        (3) correct any violation of this title or any rules adopted pursuant
>        to this title; or
>        (4) correct any violation of a permit restriction or requirement.

18 V.S.A. § 126(a). A "public health hazard" is "the potential harm to the public health by virtue of any condition or any biological, chemical, or physical agent." 18 V.S.A. § 2(9).[1] "A 'public health risk' means 'the probability of experiencing a public health hazard,' and

---

[1] The statute further provides that

> In determining whether a health hazard is public or private, the Commissioner shall consider at least the following factors:
>        (A) the number of persons at risk;
>        (B) the characteristics of the person or persons at risk;
>        (C) the characteristics of the condition or agent which is the source of potential harm;
>        (D) the availability of private remedies;
>        (E) the geographical area and characteristics thereof where the condition or agent which is the source of the potential harm or the receptors exist; and
>        (F) Department policy as established by rule or agency procedure.

18 § 2(2). The statute draws a distinction between health hazards that are "public" and those that are not. The factors are non-exclusive. *Dean v. Town of Hartford*, 2025 WL 966704, at *12, n. 24 (D. Vt. Mar. 31, 2025).

a 'significant public health risk' means 'a public health risk of such magnitude that the Commissioner or a local health officer has reason to believe that it must be mitigated.'" *Dean v. Town of Hartford*, 2025 WL 966704, at *12 (D. Vt. Mar. 31, 2025) (quoting 18 V.S.A. § 2(10), (12)). A health officer may issue an emergency health order when "necessary to prevent, remove, or destroy an imminent and substantial public health hazard or to mitigate an imminent and substantial significant public health risk." 18 V.S.A. § 127(a). Health orders issued under either statute

> may require any person responsible for contributing to the public health hazard or significant public health risk to take actions to protect the public health. Such actions may include the following:
> (1) the prohibition of transportation, sale, distribution, or supplying of water, food, or any other materials or services;
> (2) the repair, installation, construction, operation, or implementation of purification equipment or methods;
> (3) testing, sampling, monitoring, surveying, or other analytical operations required to determine the nature, extent, duration, or severity of the public health hazard or public health risk;
> (4) the impounding, destruction, or removal of any public health hazard;
> (5) the quarantine or isolation of any area, persons, animals, or materials;
> (6) the closing of and the prohibition of assemblage in any food or lodging establishment, church, school, or any other place of assemblage;
> (7) the cessation of any acts, discharges, or processes contributing to a public health hazard or public health risk;
> (8) the medical or veterinary treatment of any agent that is contributing to a public health hazard or a public health risk;
> (9) the giving of notice to potential users, including travelers, of the goods or services, of the nature, extent, and possible health effects of the public health hazard or public health risk, and precautions to be taken by such users; or
> (10) any other affirmative acts or prohibitions necessary to mitigate a significant public health risk.

18 V.S.A. § 126(d). The statute defines the "broad scope of [a] Town's ability to prevent and require remediation of any 'public health risk' or 'hazard' under 18 V.S.A. §§ 126(a), 130(b)." *Town of Milton Bd. of Health v. Brisson*, 2014 WL 11353108, at *7 (Vt. Super. Ct., Chitt. Civ. Div. Dec. 01, 2014) (Pearson, Supr. J.).

A local Board of Health "may bring an action in the Superior Court … to enforce the provisions of this title, or the rules, permits, or orders issued pursuant to this title…." 18 V.S.A. § 130(a); *Town of Milton Bd. of Health v. Brisson*, 2016 VT 56, ¶ 19 (2016). This statute authorizes injunctive relief and allows the court "to exercise all of the powers available to it, including enjoining future activities that may contribute to a public

2

health hazard or risk, ordering remedial actions to mitigate the hazard or risk, [and] ordering facilities designed to mitigate the hazard or risk." *Id.* (citing 18 V.S.A. § 130(b)).

The Town specifically refers to subsection 130(b) as the authority for this court to enter the requested relief. The Town is correct that the language in subsection (b) is broad. However, that language must be read in conjunction with subsection 130(a) regarding enforcing "provisions of this title, or the rules, permits, or orders issued pursuant to this title…." *Id.* The Town's argument regarding the court's authority is untethered from the limitations inherent in subsection (a) that the exercise of judicial authority relates to enforcement of the existing health order.

Plaintiff's motion is, "in substance, a motion to revise an interlocutory order, appropriate under the general power of revision contained in V.R.C.P. 54(b)." *Dudley v. Snyder*, 140 Vt. 129, 131 (1981). This court is not aware of any binding authority establishing a standard for reconsideration of prior motions but has in the past used *United States v. Loera*, 182 F. Supp. 3d 1173 (D.N.M. 2016) to resolve reconsideration issues. See *State v. Labrecque*, 2022 VT 20, ¶¶ 9–10 (mem.) (recapping the trial court's use of *Loera* to resolve reconsideration of bail).

In *Loera*, the federal court applied F.R.C.P. 54(b)[2] to a motion to reconsider a prior order. The court identified three factors to address in motions to reconsider –

> First, the Court should restrict its review of a motion to reconsider a prior ruling in proportion to how thoroughly the earlier ruling addressed the specific findings or conclusions that the motion to reconsider challenges. …
>
> Second, the Court should consider the case's overall progress and posture, the motion for reconsideration's timeliness relative to the ruling it challenges, and any direct evidence the parties may produce, and use those factors to assess the degree of reasonable reliance the opposing party has placed in the Court's prior ruling. …
>
> Third, the Court should consider the *Servants of the Paraclete v. Does*, [204 F.3d 1005 (10th Cir. 2000)] grounds. The Court should be more inclined to grant motions for reconsideration if the movant presents (i) new controlling authority— especially if the new authority overrules prior law or sets forth an entirely new analytical framework; (ii) new evidence— especially if the movant has a good reason why the evidence was not presented the first time around; or (iii) a clear indication—one that manifests itself without the need for in-depth analysis or review of the facts—that the Court erred.

*Loera*, 182 F. Supp. 3d at 1206–07. The court concluded that

---

[2] The Reporter's Notes state that V.R.C.P. 54 is "substantially similar to Federal Rule 54." V.R.C.P. 54 – Reporter's Notes.

> The Court analyzes motions to reconsider by picking up where it left off in the prior ruling—not starting anew. ... The deck is stacked against a movant for reconsideration, and if such a movant hopes to prevail, he or she must have not only a winning legal position, but the work ethic and tenacity to single-handedly lead the Court to his or her way of thinking.

*Id*. at 1207–08. This standard is consistent with Vermont law providing that reconsideration is "the better practice" if there are "serious grounds ... as to the correctness of the [prior] ruling." *State v. Tongue*, 170 Vt. 409, 414 (2000) (citations omitted). See also *State v. Simoneau*, 2003 VT 83, ¶ 37.

Here, first and third factors weigh heavily against reconsideration. This court's order thoroughly considered the Health Order and the statutory framework. The Town's motion does not identify new controlling authority, new evidence or convince the court that it's prior ruling was in error. The Town's motion was timely.[3] This court concluded that the health order – which was quoted in full in the court's decision – did not contemplate or authorize the relief that the Town sought. The Court found that such relief must be sought in the first instance in the Board of Health. That remains the case.

The motion to reconsider is DENIED.[4]

Electronically signed: 1/20/2026 9:25:15 AM pursuant to V.R.E.F. 9(d)

John R. Treadwell
Superior Court Judge

---

[3] While the motion was timely filed it was not forwarded for review until January 13, 2025 – 27 days after filing.

[4] The Town sought alternative relief as part of the motion to reconsider. The request should have been brought as a separate motion and the court, therefore, does not address this requested relief.

4